ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



<table>
<tr><td>

AMERICAN REALTY TRUST, INC., and<br>
BASIC CAPITAL MANAGEMENT, INC.,<br><br>
     Plaintiffs,<br><br>
v.<br><br>
MATISSE CAPITAL PARTNERS, LLC,<br>
et al.,<br><br>
     Defendants,<br><br>
v.<br><br>
GENE E. PHILLIPS and A. CAL ROSSI,<br><br>
     Counter-Defendants.

</td><td>

§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§

</td><td>

Civil Action No. 3:00-CV-1801-G

</td></tr>
</table>

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the District Court's Order of Reference, entered March 2, 2004, the Motion of

American Realty Trust, Inc. ("ART"), Basic Capital Management, Inc. ("BCM"), Gene E.

Phillips ("Phillips"), and A. Cal Rossi ("Rossi") for Award of Attorneys' Fees and Costs

("Motion for Attorneys' Fees and Costs"), filed February 12, 2004, has been referred to the

United States Magistrate Judge for hearing, if necessary, and for recommendation. A related

motion, Amended Motion of American Realty Trust, Inc. for Award of Attorneys' Fees and

Costs ("Amended Motion"), was subsequently filed on September 24, 2004. Having considered

the parties' arguments and pleadings, this Court recommends that the Motion for Attorneys' Fees

and Costs be granted in part and denied in part. This Court also recommends that the Amended

Motion be granted in part and denied in part.[1]

I.      **Background**

The United States Court of Appeals for the Fifth Circuit remanded this case to the District Court for the determination of whether ART is entitled to attorneys' fees and what sum of attorneys' fees, if any, should be awarded.[2]  Therefore, as stated in an order entered September 14, 2004 ("September 14, 2004 Order"), this Court found that whether BCM, Phillips, and Rossi are entitled to attorneys' fees and costs is not within the scope of the Fifth Circuit's remand and is not to be considered by this Court.  This Court also found that ART is entitled to its own reasonable attorneys' fees and costs.  ART was directed by this Court to submit a separate application for attorneys' fees and costs, severed from those of BCM, Phillips, and Rossi, or those it may have paid on behalf of BCM, Phillips, or Rossi, pursuant to indemnification or other theories, in order to assist this Court in the assessment of the amount of reasonable attorneys' fees and costs due to ART.  ART subsequently filed its Amended Motion seeking attorneys' fees and costs from Matisse and Paul Bagley ("Bagley").

Defendants Matisse, Bagley, and Jack Takacs ("Takacs") (collectively "Defendants") objected that this Court's September 14, 2004 Order did not "differentiate among the Defendants."  (Defendants' Objection to the Magistrate's Recommendation to Grant in Part and Deny in Part the Motion for Fees and Costs of Plaintiffs and Counter-Defendants ("Defs.' Obj.")

---

[1] In its Amended Motion, ART seeks $1,215,431.40 in attorneys' fees.  However, as explained below in part II.A.9., this Court recommends that ART be awarded only $1,209,601.40 in attorneys' fees.  Also as explained below in part I., this Court recommends that only Matisse Capital Partners, LLC ("Matisse") be ordered to pay ART.

[2] The Fifth Circuit also mandated that the costs are to be borne by Matisse.  (Appendix in Support of Plaintiffs' Motion for Award of Attorneys' Fees ("Pls.' App.") at 48.)

at 9.)  The Fifth Circuit reversed the District Court's entry of judgment in favor of Matisse on its

breach of contract claim and remanded the case for entry of judgment in favor of ART on ART's

breach of contract claim against Matisse.  However, the Fifth Circuit affirmed the judgment that

Bagley and Takacs were not liable for breach of contract.  Therefore, Matisse alone is liable to

ART for the attorneys' fees and costs awarded by the District Court.

## II.      Analysis

### A.      Reasonableness of the Requested Attorneys' Fees

In diversity cases, state law controls the award and reasonableness of attorneys' fees.

*Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).  Further, Texas law allows the

recovery of paralegal expenses as part of attorneys' fees.  *See Concorde Limousines, Inc. v.*

*Moloney Coachbuilders, Inc.*, 835 F.2d 541, 547 n.25 (5th Cir. 1987) (The assertion "that

paralegal time is not recoverable as part of attorney's fees" under Texas law is not meritorious.).

The Texas Supreme Court has set out eight factors to be considered in the evaluation of

the reasonableness of the requested attorneys' fees:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and
> the skill required to perform the legal service properly;
>
> (2) the likelihood ... that the acceptance of the particular employment will preclude other
> employment by the lawyer;
>
> (3) the fee customarily charged in the locality for similar legal services;
>
> (4) the amount involved and the results obtained;
>
> (5) the time limitations imposed by the client or by the circumstances;
>
> (6) the nature and length of the professional relationship with the client;
>
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the

3

services; and

(8) whether the fee is fixed or contingent on results obtained, or uncertainty of collection before the legal services have been rendered.

*Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997). *See also Vela v. City of Houston*, 276 F.3d 659, 679-81 (5th Cir. 2001) (affirming an award of $2.8 million in attorneys' fees, noting that "the district court separately considered each Arthur Andersen factor").

### 1.    Time, Labor, and Skill Required; Novelty and Difficulty of Questions

This case presented multiple, complex issues and required extensive briefing and numerous hearings. This Court has considered the Defendants' assertion that ART has engaged in "vexatious litigation tactics" and expended time on activities not necessary to the progress of this case. (Defendants' Response to Plaintiffs' Motion for Fees and Costs ("Defs.' Resp.") at 6.) It does not appear that ART has engaged in any improper conduct, and thus, the time spent on the matter by ART was reasonable.

### 2.    Preclusion of Other Employment

ART stated that this factor weighs favorably towards the reasonableness of its requested attorneys' fees considering that its appellate law firm, the Law Offices of Sidney Powell ("Powell"), is a small, two-member law firm. (Amended Motion ("Am. Mot.") at 16.) Joe Kendall also stated that his acceptance of this case precluded other employment for him. (Pls.' App. at 556.) However, it is not apparent that the acceptance of this case precluded employment for ART's other counsel. Therefore, this factor weighs favorably towards the reasonableness of ART's request for attorneys' fees for the services rendered by Powell and Mr. Kendall, and is

neutral in respect to ART's other counsel.

### 3.    Customary Fee

The hourly rates charged by ART's counsel are between $125.00 and $500.00, and the

hourly rates charged by ART's paralegals are between $90.00 and $110.00.  (Am. Mot. at 11-12.)

These are reasonable hourly rates for this case, in this community.  One of ART's law firms,

Provost Umphrey Law Firm, LLP ("Provost Umphrey"), charged a flat fee of $25,000.00 for its

work on post-trial matters from July 28, 2004 through the present.  (Am. Mot. at Exhibit AA.)

Provost Umphrey has shown the reasonableness of its flat fee through an affidavit, and

Defendants have not provided sufficient controverting evidence.  *See Collins v. Guinn*, 102

S.W.3d 825, 837 (Tex. App.–Texarkana 2003, pet. denied) ("[U]ncontroverted attorney's fees

testimony established the legal fees as a matter of law.") (citing *World Help v. Leisure Lifestyles,*

*Inc.*, 977 S.W.2d 662, 684 (Tex. App.–Fort Worth 1998, pet denied)).

### 4.    The Amount Involved and the Results Obtained

On appeal, ART successfully obtained reversal of an approximately $8 million judgment

against it.  The appellate court remanded this case for the entry of judgment in favor of ART on

its breach of contract claim against Matisse and on ART's breach of fiduciary duty claim against

Matisse and Bagley.  As such, the amount involved, and the favorable results obtained by ART,

support the reasonableness of ART's request for attorneys' fees.

### 5.    Time Limitations

Time limitations were imposed on Joe Kendall during his representation of ART.  (Pls.'

App. at 557.)  It does not appear that any time limitations were imposed upon ART's other

counsel.  Therefore, this factor weighs favorably towards the reasonableness of ART's request

for attorneys' fees for the services rendered by Mr. Kendall and is considered neutral for purposes of determining the reasonableness of the attorneys' fees sought for ART's other counsel.

### 6.    Relationship with the Client

The fact that the Redwine Law Offices ("Redwine") have represented ART for a number of years, and continues to represent ART at below market rates weighs favorably towards the reasonableness of ART's request for attorneys' fees for the services rendered by Redwine. (Am. Mot. at 15; Pls.' App. at 105.)  It appears that Friedman & Feiger, LLP also handles other legal matters for ART.  It is not apparent that this continued professional relationship affects the reasonableness of the fees requested.  With respect to ART's other counsel, it is not apparent that the relationship extended beyond this case.  Therefore, with the exception of Redwine, this factor is considered neutral in the reasonableness analysis with respect to ART's other counsel.

### 7.    The Experience, Reputation, and Ability of Counsel

ART's counsel are experienced and reputable in their fields.  Therefore, this factor supports the reasonableness of ART's request for attorneys' fees.

### 8.    Nature of Fees

ART's attorneys' fees were determined by fixed, hourly rates with the exception of Provost Umphrey, whose flat "fee [was] uncertain because it [was] based on the outcome of this case." (Pls.' App. at 557.)  Further, the fee arrangement with Powell was unique in that the total fees were capped at a certain amount, absent success at the Fifth Circuit.  (Am. Mot. at 17; Pls.' App. at 61.)  Therefore, the contingent nature of the above mentioned fee arrangements weighs favorably towards the reasonableness of the fees requested by ART for the services rendered by

Powell and Provost Umphrey. However, this factor is considered neutral with respect to the fees requested for the services rendered by ART's other counsel.

### 9.  Appropriate Deductions

ART seeks $1,215,431.40 in attorneys' fees. (Am. Mot. at 18.) However, Defendants pointed out that ART requested fees for matters other than this case. (Defs.' Resp. at 4-6.) Subsequently, ART stated that its award should be reduced by $5,830.00, should this Court find deductions to be appropriate. (Plaintiffs' Reply to Defendants' Response to Plaintiffs' Motion for Fees and Costs ("Pls.' Reply") at 4, 7, 9.) Upon review, this Court finds that $5,830.00 should be deducted from ART's requested attorneys' fees.

Defendants suggested that ART's request for attorneys' fees for the services rendered by Powell should be reduced by half to account for the fact that the fees have not been allocated between ART and BCM. (Defs.' Resp. at 4.) However, ART stated that "[b]ecause the issues are inextricably intertwined and because the Powell Law Firm ... did not have an easily identifiable cut-off point where the representation of BCM ended and the representation of ART began, the attorneys' fees for her firm are not capable of being segregated." (Pls.' Reply at 3.) Further, Sidney Powell stated that "all of the issues had to be raised on appeal, because they were interconnected and necessary to ART's overall strategy on appeal." (Pls.' App. at 64.) The relatedness of the issues involved, and the need for all of the issues to be raised for adequate representation at appeal support awarding ART all of its requested attorneys' fees for the services rendered by Powell. *See American Home Assurance Co. v. United Space Alliance, LLC,* 378 F.3d 482, 494 (5th Cir. 2004) ("Texas law does not require segregation of attorney's fees when the services rendered relate to: (1) multiple claims arising out of the same facts or transaction,

and (2) the prosecution or defense entails proof or denial of the same facts.") (citing *DP Solutions, Inc. v. Rollins, Inc.*, 353 F.3d 421, 434 (5th Cir. 2003)).

Thus, this Court recommends that ART be awarded $1,209,601.40 in attorneys' fees.

## B.     Reasonableness of the Requested Costs

The Fifth Circuit mandated that the costs are to be borne by Matisse. (Pls.' App. at 48.) "[F]ederal procedural law ordinarily governs the award of costs in diversity cases." *Carter v. Gen. Motors Corp.*, 983 F.2d 40, 43 (5th Cir. 1993). Costs may be awarded pursuant to Federal Rule of Civil Procedure 54(d)(1) and Federal Rule of Appellate Procedure 39. This Court has reviewed ART's Bill of Costs and concludes that ART's requested costs are reasonable. Accordingly, this Court recommends that ART be awarded their requested costs in the amount of $179,625.12.

## III.    Recommendation

Based on the above, this Court recommends that the Motion for Attorneys' Fees and Costs be granted in part and denied in part. Specifically, this Court recommends that ART's request for its own reasonable attorneys' fees and costs be granted. Further, to the extent that they are severable from ART's own attorneys' fees, this Court recommends that BCM's, Phillips', and Rossi's requests for attorneys' fees and costs be denied, and ART's request for fees it may have paid for BCM, Phillips, and Rossi be denied. This Court also recommends that the Amended Motion be granted in part and denied in part. Specifically, this Court recommends that ART be awarded attorneys' fees in the amount of $1,209,601.40 and costs in the amount of $179,625.12. In addition, this Court recommends that ART's request for attorneys' fees in the amount of $5,830.00 be denied, and ART's request for attorneys' fees and costs from Bagley also

be denied.

        **SO RECOMMENDED**. December ___9___, 2004.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

9

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Perales v. Casillas*, 950 F.2d 1066, 1070 (5th Cir. 1992). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).


_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE