

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| AMERICAN REALTY TRUST, INC., ET AL., | ) ) ) |
| Plaintiffs, | ) ) |
| VS. | ) ) ) |
| MATISSE CAPITAL PARTNERS, L.L.C., ET AL., | ) ) ) |
| Defendants, | ) ) |
| VS. | ) ) |
| GENE E. PHILLIPS, ET AL., | ) ) |
| Counter- Defendants. | ) |

CIVIL ACTION NO.

3:00-CV-1801-G

## MEMORANDUM ORDER

Before the court are (1) the objections of defendant Matisse Capital Partners, L.L.C. ("Matisse"), defendant Paul Bagley ("Bagley"), and defendant Jack Takacs ("Takacs") (collectively, the "defendants") to the order of the magistrate judge, dated September 14, 2004, finding that plaintiff American Realty Trust, Inc. ("ART") was

the prevailing party on its breach of contract claims and thus entitled to an award of reasonable attorneys' fees and costs and (2) the findings, conclusions, and recommendation ("Findings") of the magistrate judge, dated December 9, 2004, that the motion of ART, Basic Capital Management, Inc. ("BCM"), Gene E. Phillips ("Phillips"), and A. Cal Rossi ("Rossi") (collectively, the "plaintiffs") for attorneys' fees and costs should be granted in part and denied in part. For the reasons discussed below, the defendants' objections are overruled and the magistrate judge's recommendations are adopted.

## I. BACKGROUND & PROCEDURAL HISTORY[1]

On December 17, 2003, the Fifth Circuit Court of Appeals remanded this case back to this court for entry of judgment in favor of ART on its breach of contract claim against Matisse and on ART's breach of fiduciary duty claim against Matisse and Bagley, "with no damages to be awarded to ART on any of such claims." *American Realty Trust, Inc. v. Matisse Capital Partners, L.L.C.*, 91 Fed. Appx. 904, 916 (5th Cir. 2003). Further, the appellate court instructed this court to determine ART's entitlement to attorneys' fees. *Id.*

---

[1] The court believes that the magistrate judge's recommendations correctly set forth all the necessary and undisputed facts to decide the parties' objections. Accordingly, the court incorporates those facts by reference in this memorandum order as if fully set forth herein.

This court referred the fee motion, pursuant to 28 U.S.C. § 636(b), to United States Magistrate Judge Paul D. Stickney ("Judge Stickney"). Order of Reference (March 1, 2004). Following a hearing, Judge Stickney found that ART was the prevailing party on its breach of contract claims and was entitled to an award of reasonable attorneys' fees and costs. Order (September 14, 2004) ("Order") at 9. Additionally, Judge Stickney denied ART's request for fees it may have paid for its co-plaintiff or the counter-defendants pursuant to indemnification or other theories. *Id.* On September 27, 2004, the defendants timely filed their objections. *See generally* Defendants' Objection to the Magistrate's Recommendation To Grant In Part And Deny In Part The Motion For Fees And Costs Of Plaintiffs And Counter-Defendants ("Objections").

Judge Stickney also directed ART to submit a separate application for attorneys' fees and costs, severed from those of BCM, Phillips, or Rossi. Order at 9; Findings at 2. As a result, ART filed an amended motion seeking attorneys' fees and costs from Matisse and Bagley. *See generally* Amended Motion of American Realty Trust, Inc. For Award of Attorneys' Fees and Costs, And Brief In Support ("Amended Motion"). On December 9, 2004, Judge Stickney made findings recommending that ART's motion for attorneys' fees and costs be granted in part and denied in part. *See* Findings at 8. No objections to those findings have been filed by either party.

## II. ANALYSIS

### A. Standard of Review

Federal Rule of Civil Procedure 72 sets forth the standard of review for magistrate findings and recommendations. FED. R. CIV. P. 72. Although Rule 72 generally applies only to pretrial orders, a district court may refer post-judgment motions for attorney fees "to a magistrate judge under Rule 72(b) as if it were a dispositive pretrial matter." FED. R. CIV. P. 54(d)(2)(D). When a magistrate judge has ruled on a dispositive motion to which timely objections have been filed, Rule 72(b) requires the district court to "make a *de novo* determination." FED. R. CIV. P. 72(b).

### B. Objections to Motion for Attorneys' Fees

The defendants make the following objections to Judge Stickney's findings and recommendation: (1) the magistrate judge failed to apply the correct legal standard to ART's request for fees; (2) the magistrate judge erroneously determined that ART recovered something of value; (3) the magistrate judge erroneously determined that ART prevailed; and (4) the magistrate judge failed to differentiate among the defendants. *See* Objections at 3-9.

The defendants' first objection, that Judge Stickney failed to apply the correct legal standard in considering ART's request for fees, argues that ART is not entitled to attorneys' fees under Texas Civil Practice & Remedies Code § 38.001(8). To be

entitled to attorney fees under § 38.001(8), a party must (1) prevail on a cause of action for which attorney fees are recoverable and (2) recover money damages. *State Farm Life Insurance Company v. Beaston*, 907 S.W.2d 430, 437 (Tex. 1995); *see also* TEX. CIV. PRAC. & REM. CODE § 38.001(8) (Vernon 1997). Thus, the defendants maintain, in order for ART to recover attorneys' fees, ART must prevail on its contract claim and ART must recover damages or something of value. Objections at 3; see also *Green International, Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997).

Despite the statutory requirements discussed above, the defendants ignore the Financial Consulting, Management, and Marketing Agreement ("Consulting Agreement") executed by Matisse and ART. The Consulting Agreement's provision for attorneys' fees and costs is far more liberal than § 38.001. It specifically provides:

> If any legal action or arbitration or other proceeding of any kind is brought for the enforcement of this Agreement or because of an alleged breach, default, or misrepresentation or any other dispute in connection with any provision of this Agreement, the successful or prevailing party shall be entitled to recover all reasonable attorneys' fees and other costs incurred in such action or proceedings, in addition to any other relief to which it may be entitled.

Exhibit 11, Consulting Agreement ¶ 13h, *attached to* Appendix in Support of Plaintiffs' Motion for Award of Attorneys' Fees ("Plaintiffs' Appendix") at 448. Additionally, the parties in this case executed a joint stipulation providing:

> The prevailing party or parties in this action may recover their attorneys' fees and non-taxable costs by post-trial motion in the manner provided by FED. R. CIV. P.

> 54(d)(2). Accordingly, pre-trial discovery of experts or other materials relevant only to attorneys' fees and non-taxable costs will not be undertaken.

Exhibit 9, Joint Stipulation Regarding Proof of Recovery of Attorneys' Fees ("Joint Stipulation"), *attached to* Plaintiffs' Appendix at 380. As a result of this stipulation, the prevailing party in this action was entitled, as a matter of law, to attorneys' fees. See *Valdes v. Moore*, 476 S.W.2d 936, 940 (Tex. Civ. App.--Houston [14th Dist.] 1972, writ ref'd n.r.e.) (a judicial admission eliminates the necessity for an adversary to prove an element on which it relies because the admission establishes that element as a matter of law).

Since the defendants do not dispute that they entered into the Joint Stipulation and that the Consulting Agreement was valid, the court need not consider the requirements of § 38.001(8) because the contract provision and stipulation control. See, *e.g.*, *Century Products Company v. Cosco, Inc.*, No. 3:00-CV-0800-BH, 2003 WL 251957, at *8 (N.D. Tex. Jan. 31, 2003) ("Attorneys' fees are recoverable where provided for by statute or a contract between the parties.") (citing *Engel v. Teleprompter Corporation*, 732 F.2d 1238, 1241 (5th Cir. 1984)); *Twelve Oaks Tower I, Ltd. v. Premier Allergy, Inc.*, 938 S.W.2d 102, 118 (Tex. App.--Houston [14th Dist.] 1996, no writ) (finding that attorney fees were based on the underlying contract rather than statutory provisions); *One Call Systems, Inc. v. Houston Lighting and Power*, 936 S.W.2d 673, 676 (Tex. App.--Houston [14th Dist.] 1996, writ denied)

(affirming an award of attorney fees, despite the absence of other affirmative relief, because the parties were free to adopt by contract a more liberal standard for the recovery of attorney fees). Therefore, Judge Stickney correctly concluded that the statute did not preclude an award of attorneys' fees to ART because ART was entitled to attorneys' fees under the terms of the Consulting Agreement and the Joint Stipulation. Order at 5-7. The court agrees with Judge Stickney and overrules the defendants' objection as to this ground.

The defendants' second and third objections contend that Judge Stickney erroneously determined that ART recovered something of value and that ART was the prevailing party. They argue here, as they did before Judge Stickney, that ART was required to recover "something of value" to be the successful or prevailing party. The language of the Consulting Agreement, however, does not require that the "successful or prevailing party" recover money damages. Rather, it provides that ART, as the successful and prevailing party, was entitled to recover reasonable attorneys' fees and other costs incurred "in addition to any other relief to which it may be entitled." *See* Exhibit 11, Consulting Agreement ¶ 13h, *attached to* Plaintiffs' Appendix at 448. The defendants argue that Judge Stickney's reliance on *One Call Systems* is misplaced. Objections at 6. In *One Call Systems*, the court held that the contract did not require the defendant to obtain any other relief in order to be entitled to attorney fees if it prevailed in an action to enforce or interpret the

contract. 936 S.W.2d at 676. The contractual language at issue provided that *"either party* shall be entitled to recover from the other reasonable attorney's fees . . . *in addition to any other relief which it may be entitled."* *Id*. at 675-76 (emphasis in original). Although the plaintiff in *One Call Systems* urged that the language in the contract was the same as the language in § 38.001(8), the court found that the terms of the contract were not that "a party is entitled to recover attorney's fees *only* in addition to any other relief which it *is actually awarded*, but, rather, that *either* party is entitled to recover attorney fees in addition to any other relief to which it *may* be entitled, *i.e., if any*." *Id*. at 676 (emphasis in original). The court further noted that the language which followed "in addition to" in the contract provision -- "any other relief which it may be entitled" -- did not necessarily denote a claim that has been found valid or reduced to an amount. *Id*. Thus, the court concluded, the wording of the contract was not so similar to § 38.001(8) as to be governed by its meaning. *Id*.

The language in the contract at issue in *One Call Systems* and the Consulting Agreement here are virtually identical. Thus, the reasoning of *One Call Systems* applies to this case, and Judge Stickney did not err in relying on it. The defendants attempt to distinguish the two cases by claiming that the language in the *One Call Systems* contract "differs manifestly" from that of the Consulting Agreement. *See* Objections at 6. They reach this conclusion, however, by misquoting the language in the *One Call Systems* contract. Compare *id*. with *One Call Systems*, 936 S.W.2d at

- 8 -

675-76. Here, the defendants not only stipulated that the prevailing party was entitled to attorneys' fees, but also agreed to such a result in the Consulting Agreement. There was no limitation in either agreement that attorneys' fees would be precluded unless "something of value" was recovered. The parties to the Consulting Agreement were free to adopt a more liberal standard for recovery of attorneys' fees than § 38.001 allows, and the court is bound by their choice. *One Call Systems*, 936 S.W.2d at 676. Thus, Judge Stickney correctly concluded that nothing beyond a favorable decision with respect to the contract dispute was required to activate the Consulting Agreement's attorney fee provision. Order at 8.[2]

Finally, the defendants object that Judge Stickney failed to differentiate among the defendants. Objections at 9. On appeal, the Fifth Circuit reversed the district court's entry of judgment in favor of Matisse on its breach of contract claim and remanded the case for entry of judgment in favor of ART on ART's breach of contract claim against Matisse. *American Realty Trust, Inc.*, 91 Fed. Appx. at 916. Nevertheless, the Fifth Circuit affirmed the judgment that Bagley and Takacs were

---

[2] At trial the jury found that ART proved that Matisse, Bagley, and Takacs breached the Consulting Agreement. It also found that Matisse did not prove that ART breached the Consulting Agreement. Even though the jury did not award ART the damages it requested, ART received vindication for its goodwill and business interests. Furthermore, ART prevailed on appeal, winning reinstatement of the jury verdict and overturning the damages, attorneys' fees, and costs awarded to Matisse in the trial court. Under these circumstances, Judge Stickney correctly determined that ART is entitled to attorneys' fees and costs as the prevailing party. Order at 8-9.

not liable for breach of contract. Therefore, Judge Stickney correctly determined that only Matisse is liable to ART for the attorneys' fees and costs awarded by the district court. *See* Findings at 3.

### C. ART's Amended Motion for Award of Attorneys' Fees and Costs

Since no objections were filed to the findings dated December 9, 2004 recommending that ART's motion for attorneys' fees and costs be granted in part and denied in part, Judge Stickney's findings, conclusions, and recommendation are adopted as the findings and conclusions of this court.

### III. CONCLUSION

For the reason discussed above, the findings, conclusions and recommendation set forth in the order of the United States Magistrate Judge dated September 14, 2004 are **ADOPTED** as the findings and conclusions of the court, and the objections of the defendants to that order are **OVERRULED**. Additionally, the findings, conclusions and recommendation of the United States Magistrate Judge dated December 9, 2004 are **ADOPTED** as the findings and conclusions of the court.

**SO ORDERED**.

January 13, 2005.

A. JOE FISH
CHIEF JUDGE